In the Matter of the Claim of JAMES McKENNA, Respondent, against ELM TREMONT COAL COMPANY et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 31, 1959.

*Charles G. Tierney* (*George J. Hayes* and *Morris N. Lissauer* of counsel), for appellants.

*John M. Cullen* for Special Fund for Reopened Cases, respondent.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

GIBSON, J. An employer and its insurance carrier appeal from a decision of the Workmen's Compensation Board which awarded disability compensation in a reopened case and relieved

respondent Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law from liability therefor.

The accident occurred on September 9, 1946. The last payment of compensation was made on August 20, 1954. The case was closed on April 19, 1955 with a finding of permanent partial disability but without further award as there was then no loss of earnings. Thus, in the absence of some intervening action, the carrier would ordinarily be relieved on August 20, 1957, that is, '' after a lapse of seven years from the date of the injury * * * and also a lapse of three years from the date of the last payment of compensation ''. (Workmen's Compensation Law, § 25-a, subd. 1.) In this case, however, two medical reports were submitted before the expiration of the period, one on December 19, 1955 and the other on January 2, 1957, and the board held that these constituted an application for reopening of the case, made within the time limitations provided by section 25-a with respect to the employer's and carrier's liability. The case was in fact reopened on February 11, 1958 and the decision appealed from was made and filed on December 8, 1958.

In our view, the case is governed by the decision in *Matter of Norton* v. *New York State Dept. of Public Works* (1 N Y 2d 844) which seems to us to require reversal of the board's decision. In the case cited it was held (p. 845): '' The Workmen's Compensation Board, *whenever satisfied that a change of condition has occurred,* may, on its own motion, subject to the limitations of sections 25-a and 123, review any award, decision or order and on such review may make an award ending, diminishing or increasing the compensation previously awarded (§ 22). The attending physician's report, form C-4, filed before the expiration of three years from the date of the last payment of compensation (§ 25-a), was sufficient to put the board on notice *that there had been a change in claimant's condition* and that the carrier's liability had not been concluded. *Accordingly,* the board was justified in treating such report as an application to reopen the claim and restore it to the referee's calendar.'' (Emphasis supplied.) From this it seems abundantly clear that the predicate of employer and carrier liability in a case such as this is notice to the board, within the period provided by section 25-a, of '' a change in claimant's condition ''; a reopening of the case being then '' justified ''.

In this case, the 1955 and 1957 medical reports of Dr. Casson, which the board considered as together constituting an application to reopen, differed in no respect, insofar as the description of claimant's condition was concerned, from Dr. Casson's earlier

1955 report and that of the board's examining physician, each rendered prior to the closing of the case. In fact, as respects item 11 of each report — the description of the disease, diagnosis, findings and complaints — and also as respects item 17 — stating that claimant could perform light work as a watchman — the 1955 and 1957 reports relied upon by the board are practically identical with Dr. Casson's earlier 1955 report, being for the most part copied verbatim therefrom. Indeed, the respondent Special Fund in its brief concedes '' that the first two reports * * * were in the nature of routine reports and showed no change in condition ''. It is clear, also, that there was no diminution of earnings until claimant ceased working on September 19, 1957, after the expiration of the three and seven years' period.

Significantly enough, the board did not treat either of the two reports, when filed, as an application to reopen nor did it otherwise act until 1958, more than a year after the second report, and then only after the receipt of a letter from claimant and of Dr. Casson's medical report of January 11, 1958. The latter report was the first to show a change of condition, this by reference to a cardiologist's report of December 24, 1957. The latter referred, among other things, to severe pains or sensations not previously reported and to the presence of beginning corpulmonale, stated that claimant was a chronically ill patient with respiratory deficiency, advised that his activities be restricted and prescribed medication. We are unable to agree with respondent Special Fund's contention that although the 1958 report did show a change of condition, no '' marked distinction '' between the reports was demonstrated. The fact is not particularly important, of course, since the critical test is of the two reports referred to in the board's decision which suggest not the slightest change in claimant's condition. This being so, the requirement implicit in the *Norton* decision (*supra*) has not been met.

It is apparent that these concededly routine reports were filed in connection with claimant's continued medical treatment, which did not, of course, constitute payment of compensation so as to extend the section 25-a limitations. (See Workmen's Compensation Law, § 13, subd. [a].) This provision of section 13 would be rendered in large part nugatory by a holding that the filing of such routine reports, with no indication of any change of condition and merely in connection with continued medical treatment, would in any and all cases constitute application for reopening, which might properly be acted upon then or at some time in the future.

The decision and award should be reversed, with costs to appellants against respondent Special Fund, and the matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent with this opinion.

FOSTER, P. J., BERGAN, HERLIHY and REYNOLDS, JJ., concur.

Decision and award reversed, with costs to appellants against respondent Special Fund, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent with the opinion herein.